IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERESHA G. SMITH                                                                                          PLAINTIFF


v.                                          CIVIL NO. 2:15-cv-2031-MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 16. The parties have consented to the jurisdiction of a Magistrate Judge to conduct any and all proceedings in this case, and pursuant to said authority, the Court issues this Order. ECF No. 5.

On May 12, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $3,926.10, representing a total of 18.50 attorney hours for work performed in 2015 at an hourly rate of $190.29 and $400.00 in reimbursement for the filing fee. ECF No. 16. On May 26, 2016, the Defendant filed a response objecting to several of the hours for which compensation is sought as well as the hourly rate requested. ECF No. 19. On July 26, 2016, Plaintiff filed a reply, conceding to the Defendant's objections. ECF No. 20.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," and he is entitled to an hourly rate greater than $75.00. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits) and *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly

1

rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour). However, we agree with the Defendant's objections. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA of $3,625.75, which includes $3,225.75 in attorney fees and $400.00 in filing expenses.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IV.     Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$3,625.75** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 31st day of August 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE